PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER MAYS, | ) | |
| | ) | CASE NO.  4:16CV0882 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| S. MERLAK, Warden, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |


*Pro Se* Plaintiff Walter Mays, a prisoner incarcerated in the Federal Correctional

Institution in Elkton, Ohio ("FCI Elkton"), has filed this *in forma pauperis* civil rights action

against Warden Merlak, the "Medical Department Administrator," and the Bureau of Prison's

Regional Office Director.  ECF No.1.  He alleges deliberate indifference to his medical needs in

violation of the Constitution, as well as "medical negligence" and malpractice.  The basis for his

complaint is that he has received inadequate treatment for pain, tingling, and numbness in his left

hand while incarcerated at FCI Elkton.  Plaintiff alleges that since 2013, he has "continuously

gone to sick call" complaining of increasing pain and numbness in his hand and has noticed a

growth forming under his skin.  He complains his problem has not been taken seriously and he

has not been given "proper x-rays to attempt to take a good look at what[']s going on."  He states

he "fears that he may have something very serious."  ECF No. 1 at PageID #: 3.  He seeks $2.4

million in damages from Defendants and an order requiring them to provide him "treatment

which was initially diagnosed before [he] arrived at FCI Elkton," which he does not specify.  *See*

(4:16CV0882)

ECF No. 1 at PageID #: 5.  For the reasons stated below, Plaintiff's action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### I.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required under 28 U.S.C. §§ 1915(e) and 1915A to screen and dismiss before service any *in forma pauperis* action, and any action in which a prisoner seeks relief from a governmental entity or officer or employee of a governmental entity, that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

### II.  Law and Analysis

The Complaint (ECF No.1) must be dismissed.  Even liberally construed, it fails to allege any plausible claim on which relief may be granted by this Court.

First, the Complaint (ECF No.1) is insufficient to support a viable constitutional claim against any of the defendants.  Failure to provide adequate medical treatment to a prisoner is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To establish a claim, a plaintiff must show both objective and subjective components.  He must demonstrate that his medical condition posed a "substantial risk of serious harm" to him, and that the prison official in question acted with deliberate indifference to that risk.  *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "Deliberate indifference is

2

(4:16CV0882)

characterized by obduracy or wantonness—it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012).  "Thus, to prove the required level of culpability, a plaintiff must show that the official:  (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010).  Allegations of medical malpractice or negligent diagnosis and treatment are insufficient to state a claim. *Jennings v. Al-Dabagh*, 97 Fed.Appx. 548, 549-50 (6th Cir. 2004).

Even assuming Plaintiff's allegations are sufficient to demonstrate that he has a serious medical need or condition, he has not alleged facts sufficient to demonstrate that any defendant was "deliberately indifferent" to that need.  His allegations indicate he was seen in sick call for his complaints regarding his hand but is dissatisfied with the level of treatment he received, and he believes more should be done for him to determine the cause of his pain.  However, he has not alleged facts plausibly suggesting that any Defendant subjectively "drew the inference that a substantial risk of harm" to him exists in connection with his condition—in the absence of an X-ray or otherwise—or that they consciously disregarded a serious risk to his health.  It is well-established that a prisoner's disagreement with the level of testing or treatment he receives does not rise to the level of a constitutional violation.  *See Dodson v. Wilkinson*, 304 Fed.Appx. 434, 440 (6th Cir. 2008); *Ward v. Smith*, No. 95-6666, 1996 WL 627724 (6th Cir. Oct. 29, 1996) ("differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim").  Plaintiff

(4:16CV0882)

has not alleged facts plausibly suggesting any Defendant had the subjective state of mind necessary to support a constitutional "deliberate indifference" claim.

In addition, Plaintiff has not alleged a plausible constitutional claim because he has not alleged facts suggesting that any Defendant was personally involved in or responsible for his medical care.  At the most, Plaintiff's allegations suggest he seeks to impose liability on Defendants on the basis of their supervisory authority over prison medical staff, or because they denied complaints or grievances about his care.  Prison officials, however, cannot be liable for constitutional deprivations of subordinates where their only alleged conduct is denying a prisoner's administrative grievance or failing to intervene on a prisoner's behalf.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Additionally, liability cannot be imposed on a supervisory official for constitutional violations of subordinates solely on the basis of *respondeat superior*.  *Okoro v. Scibana*, 63 Fed.Appx. 182, 184 (6th Cir. 2003).

In that Plaintiff has not alleged facts sufficient to support a plausible constitutional claim for "deliberate indifference" against any Defendant in the case, his federal civil rights claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  To the extent Plaintiff alleges state-law claims for medical negligence and malpractice, the Complaint (ECF No.1) must also be dismissed because he has not alleged facts sufficient to establish federal subject-matter jurisdiction.  Plaintiff's pleading does not demonstrate the citizenship of the parties necessary to establish federal diversity jurisdiction.  *See* 28 U.S.C. §1332.

4

(4:16CV0882)

### III.  Conclusion

For the reasons stated above, Plaintiff's constitutional deliberate indifference claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  His state-law negligence and malpractice claims are dismissed without prejudice.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


 July 29, 2016                                       /s/ Benita Y. Pearson
Date                                              Benita Y. Pearson
                                                  United States District Judge

5